McKinney, J.,
delivered the opinion of the Court.
This was an action of assumpsit brought by the plain *430 tiffs to recover a reward of five hundred dollars offered by the defendant for the apprehension of Joseph Bailey, who was charged with the murder of Jordan Jackson, son of the defendant, in Gribson county.
Judgment was for the defendant in the Circuit Court, and the plaintiffs appealed in error.
The proof, as set forth in the bill of exceptions, shows that Bailey, for whose apprehension the reward was offered, had not fled, as was supposed, but that he remained concealed in the neighborhood of the plaintiffs, and part of the time, at least, on the premises of one of the plaintiffs. The evidence tends strongly to establish that all the plaintiffs had knowledge of Bailey’s movements and place of concealment; that they severally kept up an intercourse and communication with him during his concealment; that one bought a horse from him; another furnished him with money; and the third with liquor. The evidence also places it beyond all doubt that, upon the reward being offered, it was agreed between Bailey, the accused, and the plaintiffs, that, for the purpose of securing the reward to themselves, Bailey should voluntarily submit to be delivered by the plaintiffs to the sheriff of Gribson county, and that the reward should be divided among them — Bailey to receive $200, and each of the plaintiffs $100. And in pursuance of this agreement, Bailey was delivered to the sheriff by the plaintiffs.
The Court submitted it to the determination of the jury, upon the proof, whether the plaintiffs had in good faith apprehended Bailey, without complicity on his part; or whether it was a voluntary surrender of himself to the plaintiffs, in pursuance of a combination between them, for the purpose of getting the reward; instructing them *431 that, in the first view of the case, the plaintiffs would he entitled to recover the reward; hut not in the latter aspect.
There is no error in the instructions of the Court. It is clear, upon grounds of public policy as also upon well-established principles of law, that the plaintiffs are repelled from recovering the reward.
The public at large, as well as every member of the community, has an interest in the suppression of crime and the conviction of criminal offenders. And it is one of the duties that every citizen owes to society to assist in bringing offenders to justice without reward. But the mere sense of duty not being always sufficient to induce persons to take upon themselves the trouble, expense, and hazard often necessary to be incurred in the arrest of fugitives, public interest and policy suggested the idea of offering rewards, by the Government as well as by individuals, in order to excite greater vigilance and exertion in their apprehension, so as to insure a more prompt and efficient administration of the criminal law. This is the principle upon which rewards are offered.
It is obvious, therefore, that to permit the plaintiffs to recover in the present case would be to defeat the policy of the law. It would tend to obstruct the proper administration of criminal justice. It would be to encourage unlawful combinations to secrete and hinder the arrest of criminals, with a view to extort a reward from the Government or from individuals. In short, it would be directly in opposition to the principle upon which rewards are offered.
The plaintiffs cannot be said, in any just sense, to have apprehended Bailey: they did not perform the con *432 sideration of tbe reward; and if they could be permitted to recover, .why might not the offender make a direct surrender of himself to the officers of the law, and in person claim the reward offered for his apprehension ? In principle, the cases cannot be distinguished from each other. But again: the plaintiffs and the accused are par-tieeps criminis. They perhaps made themselves accessories after the fact by their subsequent conduct.
With knowledge that a felony had been committed by Bailey, they, from the proof in this record, “ received, relieved, comforted, and assisted ” him; and this, in law, would constitute them accessories after the fact. 2 Hawk. P. C., 444-446.
In every view of the case, therefore, the plaintiffs must fail in their action.
Judgment affirmed.